# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**THOMAS A. CURTIS,**

    **Petitioner,**

                                            **CIVIL ACTION NO. 5:05CV3**
**v.**                                         **CRIMINAL ACTION NO. 5:01CR1**
                                            **(Judge Stamp)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On October 28, 2004, the petitioner, an inmate at FCI-Morgantown, by counsel, filed a motion for reduction of sentence pursuant to <u>Blakely v. Washington</u>, 524 U.S. 296 (2004).[1] On January 3, 2005, the Court issued a Notification to Defendant of Right of Consent to Proceed Under 28 U.S.C. §2255 or to Proceed as Filed. On January 5, 2005, the petitioner elected to have the motion for reduction converted to a motion filed pursuant to 28 U.S.C. §2255. Thus, the motion for

---

[1] <u>Blakely v. Washington</u>, 542 U.S. 296 (2004) as an extension of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), holds that "when a judge inflicts punishment that the jury verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his proper authority."

    The Supreme Court has held that <u>Blakely</u> applies to federal sentencing guidelines. <u>United States v. Booker</u>, ___ U.S.___, 125 S.Ct. 738 (2005). Specifically, in <u>Booker</u> the Supreme Court issued a two part decision. In the first part, the Supreme Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. In the second part of the decision, the Supreme Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory and established an unreasonableness standard of review for sentences on appeal. Thus, the petitioner's claim is now a <u>Booker</u> claim.

reduction of sentence has been converted to a §2255 motion. By Order entered on January 27, 2005, the Court directed the respondent to answer the motion. On February 9, 2005, the respondent filed United States' Response to Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255.

This matter, which is pending before me for initial review and report and recommendation pursuant LR PL P 83.15, is ripe for review.

## II. FACTS

### A. Conviction and Sentence

On December 21, 2001, the petitioner was convicted by a jury for the United States District Court for the Northern District of West Virginia of conspiracy to possess with the intent to distribute and to distribute powder cocaine; distribution of hydrocodone; distribution of oxycodone; and distribution of cocaine. The jury also returned a special verdict regarding the forfeiture of one automobile.

On April 5, 2002, the Court sentenced the petitioner to 63 months imprisonment. The petitioner filed an appeal. By decision dated May 7, 2003, the Fourth Circuit affirmed the petitioner's convictions and sentence. The petitioner did not file a petition for writ of certiorari.

On May 18, 2004, the petitioner filed a Motion for Reduction of Sentence Pursuant to U.S.S.G. §2D1.1(c), Amendment 657. On July 6, 2004, the Court granted the motion, and on July 15, 2004, the Court entered an amended Judgment and Commitment order reflecting a total sentence of 51 months.

### B. Federal Habeas Corpus

The petitioner asserts that because the jury found that he distributed 78 grams of pills,

pursuant to Blakely v. Washington, 530 U.S. 466 (2004), his offense level should have been 18, instead of 26. The petitioner further asserts that an offense level of 18, with a criminal history category of I, would have resulted in a sentence of 27 months, rather than the 63 months imposed by this Court. The petitioner requests that the Court order his immediate release; order the Bureau of Prisons to review his proper release date; hold a hearing on the issue; and grant a reduction.

The respondent contends that the petitioner's §2255 motion is untimely, and that even if the motion is timely, Blakely does not apply retroactively to collateral attacks.

### III. ANALYSIS

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. §2255.[2]

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[3]; or

---

[2] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

[3] The one-year limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, ____ U.S.____, 125 S.Ct. 2478 (2005).

3

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. §2255.

In the instant case, the §2255 motion is clearly untimely under subsection 1. When a prisoner does not file a petition for writ of certiorari with the United States Supreme Court, the judgment of conviction becomes final when the time for seeking such review expires. Clay v. United States, 537 U.S. 522 (2003). The prisoner has 90 days to seek review after the court of appeals enters the judgement. Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002).

The Fourth Circuit entered its judgment on May 29, 2003. The petitioner had 90 days, or until August 27, 2003, to file a petition for writ of certiorari. The petitioner did not file a petition for writ of certiorari. Thus, his conviction became final on August 27, 2003, and under AEDPA, he had until August 27, 2004, to file a §2255 motion. The petitioner did not file what has been deemed a §2255 motion until October 28, 2004, after the statute of limitations had expired. Thus, the petitioner's §2255 motion is untimely under subsection 1.

Because the petitioner does not allege the Government created an impediment to his filing a timely §2255 motion or that his motion is based on new facts, subsections 2 and 4 do not apply.

The Court further finds that subsection 3 does not apply because Booker has not been made retroactively applicable to cases on collateral review. The Supreme Court did not address the retroactivity of Booker and numerous courts have determined that Booker does not apply retroactively to convictions which became final prior to Booker being decided. See See Varela v. United States, 400 F. 3d 864 (11th Cir. 2005); United States v. Price, 400 F. 3d 844 (10th Cir. 2005); Never Misses a Shot v. United States, 413 F. 3d 781 (8th Cir. 2005); McReynolds v. United States, 397 F. 3d 479 (7th Cir. 2005); Humphress v. United States, 398 F. 3d 855 (6th Cir. 2005);

4

Lloyd v. United States, 407 F. 3d 608 (3d Cir. 2005); and Guzman v. United States, 404 F. 3d 139 (2d Cir. 2005). Thus, in accordance with these decisions, the undersigned finds that the petitioner is not entitled to have Blakely, now Booker, applied retroactively to his sentence and his motion should be dismissed.

Finally, the undersigned notes that the petitioner seeks an evidentiary hearing. 28 U.S.C. §2255 provides in pertinent part as follows:

> [u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

See also United States v. Witherspoon, 231 F.3d 923 (4th Cir. 2000).

Thus, if it is clear from the pleadings and the files and records that the movant is entitled to no relief, a hearing is not necessary. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970). The undersigned finds that no evidentiary hearing is necessary because the petitioner is clearly entitled to no relief.

## IV. **RECOMMENDATION**

The undersigned recommends that the Court enter an Order **DENYING** the petitioner's §2255 motion as being untimely and dismissing the case from the docket.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver

of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* petitioner and the United States Attorney for the Northern District of West Virginia as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Dated: September 26, 2005

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE